Crystal K. Glendon (#8130)
Kelli K. Lee Ponce (#8579)
Glendon & Ponce, LLLC
1001 Bishop Street, Ste. 710
Honolulu, Hawai'i 96813
Telephone: (808) 762-7643
Email:    crystal@glendonponce.com
Email:    kelli@glendonponce.com

Eric R. Maier (admitted *pro hac vice*) Older
Lundy Koch & Martino
1000 West Cass Street
Tampa, Florida 33606
Telephone: (813) 254-8998
Email:    emaier@olderlundylaw.com

*Attorneys for Defendant Sheri J. Tanaka*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAUREL J. MAU,<br><br>Plaintiff,<br><br>v.<br><br>CITY & COUNTY OF HONOLULU; KEITH MITSUYOSHI KANESHIRO; JACOB GEORGE DELAPLANE; VERNON BRANCO; MITSUNAGA & ASSOCIATES, INC.; DENNIS KUNIYUKI MITSUNAGA; AARON SUNICHI FUJII; CHAD MICHAEL MCDONALD; TERRI ANN OTANI; SHERI JEAN TANAKA; RUDY ALIVADO; and DOE DEFENDANTS 1 – 50,<br><br>Defendants. | Case No. CV 1:24-00253 (GPC-WRP)<br><br>DEFENDANT SHERI J. TANAKA'S MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) AND TO STRIKE IMPROPER ALLEGATIONS PURSUANT TO RULE 12(f); MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Request for Judicial Notice filed concurrently]<br><br>Judge: Honorable Gonzalo P. Curiel<br>Mag. Judge: Honorable Wes Reber Porter |

# <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION………………………..…………………………..…1

II.    LEGAL STANDARD……………………………………………….....4

    A. RULE 12(B)(6) LEGAL STANDARD………………………….....……...4

    B. RULE 12(F) LEGAL STANDARD……………………………………6

III.   ARGUMENT……………………………………….…………7

    A. DISMISSAL WITH PREJUDICE OF ALL CLAIMS AGAINST TANAKA
       IS WARRANTED UNDER RULE 12(B)(6)….…………………….......…7

      1. Count I (§ 1983) Fails Because Tanaka Is Not A State Actor………..8

         a. No Factual or Legal Basis Exists For Any "Bribery",
           "Campaign-Donation", or "Communication" Theory………..…11

      2. The Fraudulent Concealment Claim in the Second Amended
        Complaint is Not Legally Cognizable……………………..………..13

         a. The SAC Still Fails to Allege Any False Representation or
           Concealment by Tanaka…………………………………..……...14

         b. The SAC Still Fails to Allege Any Legally Cognizable
           Injury……………………………………………………..……15

            i. The "changed outcome" theory is an impermissible
               collateral attack………………………………………………16

            ii. The SAC's "late discovery" theory is not a cognizable
               injury and merely duplicates Plaintiff's tolling argument…...17

      3. Dismissal With Prejudice Is Required……………………………...18

    B. THE SAC'S SCANDALOUS "ALIVADO COACHING" ALLEGATIONS
       AND THE IMPROPERLY REINSERTED MALICIOUS-PROSECUTION
       ALLEGATIONS SHOULD BE STRICKEN UNDER RULE 12(F)………………18

1. The "Alivado Coaching" Allegations Are False and Should
Be Stricken (Rule 12(f))……………………………………………..19

2. The Malicious-Prosecution Allegations Should Be Stricken
(Rule 12(f))……………………………….…………………………21

C. Law of the Case and Futility of Further Amendment………..…..22

D. Leave to Amend Should Be Denied ……………………..…..…24

IV.    CONCLUSION…………………………………………………………..24

# <u>TABLE OF AUTHORITIES</u>

**<u>State Cases</u>**                                                                                        **<u>Pages</u>**

*Au v. Au*
    63 Haw. 210, 626 P.2d 173 (1981)………..……………..………...  13, 17

*Matsuura v. E.I. du Pont de Nemours & Co.*
    102 Haw. 149, 73 P.3d 687 (Haw. 2003) ...................................................  16

**<u>Federal Cases</u>**

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ...........................................................  5, 9, 11

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ...........................................................  5, 9, 11

*Brodsky v. Apple Inc.*
    445 F. Supp. 3d 110 (N.D. Cal. 2020) .......................................  22

*Cafasso v. Gen. Dynamics C4 Sys.*
    637 F.3d 1047 (9th Cir. 2011) .........................................................  4

*Cervantes v. Countrywide Home Loans, Inc.*
    656 F.3d 1034 (9th Cir. 2011) ..................................................  17, 18, 23, 24

*Citizen United v. FEC*
    558 U.S. 310 (2010) ....................................................................  12

*City of Tacoma v. Taxpayers of Tacoma*
    357 U.S. 320 (1958) ....................................................................  17

*Daniels–Hall v. Nat'l Educ. Ass'n*
    629 F.3d 992 (9th Cir. 2010) .............................................................  20, 21

*DeLeon v. Wells Fargo Bank, N.A.*
    2010 WL 4285006 (N.D. Cal. Oct. 22, 2010) .........................  4, 5, 7, 22, 23

*Fantasy, Inc. v. Fogerty*
    984 F.2d 1524 (9th Cir. 1993), rev'd on other grounds,
    510 U.S. 517 (1994) ……………………………………………... 6, 19

*Ferdik v. Bonzelet*
    963 F.2d 1258 (9th Cir. 1992) ............................................................ 18, 23

*Franklin v. Fox*
    312 F.3d 423 (9th Cir. 2002) .................................................... 8, 12

*Klin v. Cloudera, Inc. (In re Cloudera, Inc. Sec. Litig.)*
    121 F.4th 1180 (9th Cir. 2024) .................................................... 14

*In re Facebook, Inc. Consumer Privacy User Profile Litig.*
    2020 WL 614956 (N.D. Cal. Feb. 10, 2020) ............................... 6

*Zenoff v. Sorrento Therapeutics, Inc. (In re Sorrento Therapeutics, Inc. Sec. Litig.)*
    97 F.4th 634 (9th Cir. 2024) .......................................................... 5

*Kearns v. Ford Motor Co.*
    567 F.3d 1120 (9th Cir. 2009) .................................................... 14

*Kekona v. Abastillas*
    2014 WL 4059882 (D. Haw. Aug. 14, 2014) .................................. 3, 13, 17

*Kema v. Pentagen Techs.*
    2013 WL 1349619 (D. Haw. Mar. 29, 2013) ............................................ 10

*Kirtley v. Rainey*
    326 F.3d 1088 (9th Cir. 2003) .................................................... 8

*Lee v. City of Los Angeles*
    250 F.3d 668 (9th Cir. 2001) .................................................... 1

*Lugar v. Edmondson Oil Co.*
    457 U.S. 922 (1982) .................................................... 8

*McDonnell v. United States*
    579 U.S. 550 (2016) .................................................... 12

*Mendocino Envtl. Ctr. v. Mendocino Cnty.*
192 F.3d 1283 (9th Cir. 1999) ........................................................ 9

*Mullis v. U.S. Bankr. Ct.*
828 F.2d 1385 (9th Cir. 1987) ...................................................... 17

*Pac. Stock, Inc. v. Pearson Educ., Inc.*
927 F. Supp. 2d 991 (D. Haw. 2013) ........................................... 13

*Polk Cnty. v. Dodson*
454 U.S. 312 (1981) ....................................................................... 9

*Price v. Hawaii*
939 F.2d 702 (9th Cir. 1991) ........................................................ 11

*Ramirez v. County of San Bernardino*
806 F.3d 1002 (9th Cir. 2015) ................................................... 2, 4

*Rein v. Providian Fin. Corp.*
270 F.3d 895 (9th Cir. 2001) ....................................................... 17

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*
442 F.3d 741 (9th Cir. 2006) ......................................................... 1

*Ritchie v. Hawaii*
2011 WL 6303869 (D. Haw. Dec. 16, 2011) ............................... 10

*Sander v. Weyerhaeuser Co.*
966 F.2d 501 (9th Cir. 1992) ....................................................... 17

*Simmons v. Sacramento Cnty. Superior Ct.*
318 F.3d 1156 (9th Cir. 2003) ....................................................... 9

*Skyline Zipline Glob., LLC v. Domeck*
2013 WL 1103084 (D. Haw. Mar. 15, 2013) ............................... 14

*Sprewell v. Golden State Warriors*
266 F.3d 979 (9th Cir. 2001) ....................................................... 21

*Talbot v. Robert Matthews Distrib. Co.*
961 F.2d 654 (7th Cir. 1992) ..................................................... 6, 21

*Tsao v. Desert Palace, Inc.*
    698 F.3d 1128 (9th Cir. 2012) ........................................................... 10

*United States v. Alexander*
    106 F.3d 874 (9th Cir. 1997) ............................................................. 23

*Wai Ola Alliance v. United States Dep't of the Navy*
    734 F. Supp. 3d 1034 (D. Haw. 2024) ............................................... 5

*West v. Atkins*
    487 U.S. 42 (1988) ............................................................................. 8

*Weston Family Partnership LLLP v. Twitter, Inc.*
    29 F.4th 611 (9th Cir. 2022) .............................................................. 5

*Whittlestone, Inc. v. Handi–Craft Co.*
    618 F.3d 970 (9th Cir. 2010) ............................................................. 6

*Zucco Partners, LLC v. Digimarc Corp.*
    552 F.3d 981 (9th Cir. 2009) ...................................................... 18, 23

## **Statutes**

28 U.S.C. § 1927 .................................................................................. 25

42 U.S.C. § 1983 ............................................................................. passim

Haw. Rev. Stat. §§ 11–351 et seq. ....................................................... 12

## **Rules**

Fed. R. Civ. P. 9(b) .............................................................................. 14

Fed. R. Civ. P. 12(b)(6) .................................................................. passim

Fed. R. Civ. P. 12(f) ....................................................................... passim

Fed. R. Civ. P. 60 ............................................................................ 16, 17

Fed. R. Evid. 201(b) ............................................................................ 21

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT SHERI J. TANAKA'S MOTION TO DISMISS SECOND
AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) AND TO
STRIKE IMPROPER ALLEGATIONS PURSUANT TO RULE 12(f)**

## I.    INTRODUCTION

Plaintiff Laurel J. Mau ("Plaintiff" or "Mau") has now brought her third

lawsuit attempting to re-litigate the same underlying events that have already been

exhaustively examined and rejected in prior proceedings. Mau previously

pursued—and lost—a civil employment action against Mitsunaga & Associates,

Inc. ("MAI") in 2014, where a federal jury found she had breached her duty of

loyalty. *See Laurel J. Mau v. Mitsunaga & Associates, Inc.*, Civil No. 12-00468

(DKW-BMK)). She then relied on the same narrative in the 2022 federal criminal

prosecution *United States v. Kaneshiro, et al.*, Cr. No. 22-00048-06 (TMB-NC)) in

which a jury found all defendants not guilty after a multi-month trial. Undeterred,

Mau's Second Amended Complaint (erroneously labeled as a "First Amended

Complaint") simply repackages the same allegations and theories already rejected

by two different juries, and again fails to state any legally cognizable claim against

Defendant Sheri J. Tanaka ("Tanaka").[1]

---

[1] The existence and outcomes of the 2014 civil jury trial and the 2022 federal criminal trial are matters of public record and properly subject to judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of filings and results in other court proceedings); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001) (courts may take notice of the existence and outcome of prior judicial proceedings).

The Court previously dismissed all three counts in Plaintiff's original complaint—42 U.S.C. § 1983, malicious prosecution, and fraudulent concealment—under Rule 12(b)(6). Dkt. 117. Mau then filed a First Amended Complaint on April 25, 2025. Dkt. 119. In its October 7 Order, the Court granted strictly limited leave to amend only the first and third causes of action and expressly granted Tanaka's motion to dismiss the malicious-prosecution claim with prejudice. Dkt. 158 at 35–36. The Court did not find that Tanaka engaged in any affirmative concealment; it merely held that Plaintiff had alleged tolling at the plausibility stage and reiterated that Plaintiff must "allege facts that support a tolling theory as to each individual defendant." Dkt. 117 at 25.

The Second Amended Complaint ("SAC")—filed October 31, 2025— disregards those limits. Rather than curing defects, it re-pleads and expands the same deficient theories, resurrects a malicious-prosecution theory the Court dismissed with prejudice, inserts immaterial allegations drawn from unrelated criminal proceedings in which all defendants were found not guilty, and repeats allegations this Court has already rejected. This exceeds the scope of leave to amend and is improper as a matter of law. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Because the SAC supersedes all prior pleadings and again asserts claims foreclosed by the Court's prior orders, Tanaka is both entitled—and obligated—to renew her Rule 12(b)(6) motion.

2

Substantively, the SAC again rests on the implausible allegations—contradicted by judicially noticeable documents—that Tanaka, a private attorney, somehow became a state actor, concealed documents in 2014 that Plaintiff already knew existed, and allegedly suborned perjury. As demonstrated below, the § 1983 claim remains time-barred and unsupported by any plausible allegation of state action, and the fraudulent-concealment claim still fails to plead a false statement, a duty to disclose, or any cognizable injury. That theory also fails as a matter of law because Hawaiʻi does not recognize fraudulent concealment as an independent cause of action; it is merely a tolling doctrine. *See Au v. Au*, 63 Haw. 210, 626 P.2d 173, 178 (1981); *Kekona v. Abastillas*, No. 13-00260 DKW-BMK, 2014 WL 4059882, at *3 (D. Haw. Aug. 14, 2014). Even if such a cause of action existed, the SAC alleges no actionable misrepresentation, no duty, and no legally cognizable injury—defects that remain incurable after two amendments. Further amendment would be futile.

In addition, Tanaka moves under Rule 12(f) to strike two categories of improper matter from the SAC. First, she seeks to strike the false and scandalous allegations concerning witness Rudy Alivado—for example, paragraphs 177–185, 213–226—which accuse her of coaching or suborning perjury, are contradicted by the certified trial transcript, and serve no legitimate purpose in this litigation. Second, Tanaka moves to strike the malicious-prosecution allegations that Plaintiff

3

has improperly reinserted into Counts I and III, even though this Court dismissed that claim with prejudice in its October 7 Order. These allegations are immaterial, impertinent, and prejudicial because they exceed the scope of leave to amend and attempt to resurrect a barred theory. *See* Fed. R. Civ. P. 12(f); *DeLeon v. Wells Fargo Bank, N.A.*, No. C 10-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010).

Defendant Sheri J. Tanaka—former outside counsel for MAI—therefore moves under Rules 12(b)(6) and 12(f) to dismiss all claims asserted against her in the SAC and to strike the improper matter identified above. As set forth below, the Court should dismiss both remaining claims with prejudice and strike the SAC's false and immaterial allegations accordingly.

## II.    LEGAL STANDARD

### A.    RULE 12(B)(6) LEGAL STANDARD

As a preliminary matter, this renewed motion to dismiss is procedurally proper. Because an amended complaint supersedes the prior pleading, defendants may renew Rule 12(b)(6) motions to address any repleaded or newly added claims. *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011). The Second Amended Complaint re-pleads and expands the first and third causes of action. Accordingly, Defendant Tanaka may and should renew her motion to dismiss those

4

claims. *See DeLeon v. Wells Fargo Bank, N.A.*, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) (complaint filed beyond the scope of leave is subject to dismissal).

A complaint can be dismissed under Rule 12(b)(6) for: (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim. *In re Sorrento Therapeutics, Inc. Sec. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024). A court must disregard "naked assertions" and "labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a complaint is amended, the defendant is entitled to renew a Rule 12(b)(6) motion to challenge any newly pleaded or repleaded claim.

To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  In ruling on a Rule 12(b)(6) motion, a court may consider the allegations in the complaint, as well as material that is incorporated by reference in the complaint or subject to judicial notice. *Weston Family Partnership LLLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022); *Wai Ola Alliance v. United States Dep't of the Navy*, 734 F. Supp. 3d 1034, 1044-45 (D. Haw. 2024).[2] The same pleading standards apply to an amended complaint. A plaintiff must allege facts—not conclusions—that plausibly establish each element of a cognizable claim.

---

[2]    Concurrently with this motion, Tanaka has filed a request for judicial notice.

## B.     RULE 12(F) LEGAL STANDARD

Under Rule 12(f), the Court "may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Courts have broad discretion to strike improper allegations at the pleading stage, particularly when doing so will streamline the litigation, avoid unnecessary discovery, and prevent prejudice to the parties. *See Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (Rule 12(f) authorizes striking matter that has "no possible bearing on the controversy"). A Rule 12(f) motion is properly brought together with a Rule 12(b)(6) motion because both challenge the legal sufficiency of the pleading and must be raised before filing a responsive pleading. Fed. R. Civ. P. 12(b), (f)(2).

Rule 12(f) relief is especially appropriate where, as here, a complaint includes inflammatory or prejudicial allegations that serve no legitimate purpose. *See Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664–65 (7th Cir. 1992). Courts routinely strike allegations referencing unrelated criminal proceedings, jury testimony, or extraneous narratives that have no bearing on the claims asserted and risk confusing the issues. *See In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 18-md-02843-JSC, 2020 WL 614956, at *2 (N.D. Cal. Feb. 10, 2020).

6

Striking such material at the outset promotes judicial efficiency and ensures that

discovery and motion practice remain confined to matters properly before the Court.

## III.    ARGUMENT

The October 7, 2025 Order granted Plaintiff limited leave to amend only the

first and third causes of action and expressly dismissed the malicious-prosecution

claim with prejudice. Dkt. 158 at 35–36. It did not grant Plaintiff leave to add new

theories against Tanaka under § 1983 or to re-plead malicious prosecution in any

form. By reintroducing malicious-prosecution allegations and expanding the state-

action and fraudulent-concealment theories beyond the bounds of that Order, the

SAC exceeds the scope of leave to amend and is subject to dismissal and/or

striking. *See DeLeon v. Wells Fargo Bank, N.A.*, 2010 WL 4285006, at *3 (N.D.

Cal. Oct. 22, 2010).

## A.    DISMISSAL WITH PREJUDICE OF ALL CLAIMS AGAINST TANAKA IS WARRANTED UNDER RULE 12(B)(6)

The SAC contains two operative claims against Tanaka: (1) violation of 42

U.S.C. § 1983; and (2) fraudulent concealment.  As discussed below, even

assuming that all of the allegations in the SAC are true, none of the two claims

constitute a legally cognizable basis for relief, and the materials subject to judicial

notice confirm that Mau cannot state a claim for relief and that further amendment

would be futile.

## 1. Count I (§ 1983) Fails Because Tanaka Is Not A State Actor

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant deprived the plaintiff of a constitutional right and that the defendant acted "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Private conduct, no matter how discriminatory or wrongful, is not actionable under § 1983 unless it is "fairly attributable to the State." *Lugar*, 457 U.S. at 937. The Ninth Circuit recognizes four narrow circumstances in which private conduct may be treated as state action: when the private party performs a function traditionally and exclusively reserved to the State; when the State is a willful participant in joint activity with the private actor; when the State has coerced or significantly encouraged the private conduct; or when there is such a close nexus between the State and the challenged action that the private conduct may be fairly treated as that of the State itself. *Kirtley v. Rainey*, 326 F.3d 1088, 1092–94 (9th Cir. 2003); *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). The October 7, 2025 Order did not grant Plaintiff leave to amend as to Tanaka on this claim; thus, the SAC's expanded state-action allegations exceed the limited leave authorized.

The SAC fails to satisfy any of these standards. Plaintiff alleges that Ms. Tanaka, as outside counsel for MAI, "worked in coordination" with public officials and "communicated" with the Department of the Prosecuting Attorney. *SAC* ¶¶

84–93, 177–186. Even if these allegations are accepted as true, they do not

transform Ms. Tanaka into a state actor. A private attorney—even one representing

a public entity—does not act under color of state law by performing traditional

legal functions on behalf of a client. The Ninth Circuit has made this clear: "A

lawyer representing a client is not, by virtue of being an officer of the court, a state

actor." *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir.

2003); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a

public defender is not a state actor when performing the traditional role of

advocate). Ms. Tanaka's alleged conduct—her statements in discovery,

participation in litigation, and referral of Laurel Mau's misconduct to prosecuting

authorities—are precisely the type of private, professional activities that fall

outside § 1983.

Nor does the SAC plausibly allege that Ms. Tanaka engaged in "joint action"

or conspiracy with state officials. The complaint offers only conclusory assertions

that she "coordinated" or "conspired" with prosecutors, but such naked assertions

are insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). The Ninth

Circuit requires specific factual allegations showing an agreement or meeting of

the minds to violate constitutional rights. *Mendocino Envtl. Ctr. v. Mendocino

Cnty.*, 192 F.3d 1283, 1301 (9th Cir. 1999). The SAC pleads no such facts—only

9

speculation—and alleges no facts showing any agreement or meeting of the minds as required to plead joint action. Nor is there any plausible allegation of state delegation, coercion, or nexus. Ms. Tanaka was retained by a private engineering firm, not deputized or directed by the government. Nothing in the SAC suggests that the State delegated prosecutorial or investigative authority to her, compelled her actions, or was intertwined with her representation of MAI. The Ninth Circuit has repeatedly rejected § 1983 claims where private individuals or entities merely cooperated or interacted with law enforcement. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (casino not a state actor despite frequent coordination with police).

Courts in the District of Hawai'i have followed the same rule, routinely dismissing § 1983 claims against private attorneys and law firms. In *Ritchie v. Hawaii*, 2011 WL 6303869, at *6 (D. Haw. Dec. 16, 2011)*, the court dismissed such claims because "representation of a client, even in connection with government proceedings, does not constitute state action." Similarly, in *Kema v. Pentagen Techs.*, 2013 WL 1349619, at *4 (D. Haw. Mar. 29, 2013)*, the court reiterated that an attorney's traditional advocacy for a client does not transform the attorney into a state actor under § 1983. Those principles apply squarely here. Because Ms. Tanaka acted solely in her capacity as private outside counsel for a private client, and because the SAC alleges no facts showing that she acted under state authority,

10

Count I fails to state a claim as a matter of law. Ms. Tanaka's alleged conduct was purely private legal advocacy—neither compelled by, delegated from, nor intertwined with the State. As such, Plaintiff cannot establish the essential "state action" element required for § 1983 liability. Count I should therefore be dismissed with prejudice. *Price v. Hawaii*, 939 F.2d 702, 708 (9th Cir. 1991) ("Private parties are not generally acting under color of state law.").

### a. No Factual or Legal Basis Exists For Any "Bribery", "Campaign-Donation", or "Communication" Theory

Plaintiff alleges that Ms. Tanaka made a campaign contribution to then-Prosecutor Keith Kaneshiro in 2012. SAC ¶ 32. Publicy available campaign-finance records show that this contribution was only $250—a lawful, de minimis political donation. Plaintiff further alleges that Ms. Tanaka had "communications" with the Prosecutor's Office, insinuating—without pleading the date, content, purpose, or substance of any such communication—that these routine professional contacts formed part of a corrupt quid-pro-quo arrangement that somehow resulted in Mau's December 2014 prosecution. SAC ¶¶ 84–93, 177–186. These allegations fail both factually and legally. The SAC identifies no date, content, or substance of any alleged communication, and no facts showing that any exchange was improper or that Mr. Kaneshiro's office acted at Ms. Tanaka's direction. Such vague and conclusory assertions do not satisfy federal pleading standards. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

11

Even if Ms. Tanaka did communicate with the Prosecutor's Office—as outside counsel for a private client—those communications were lawful, routine, and constitutionally protected. They do not convert her into a state actor or establish a conspiracy. Attorneys may properly confer with prosecutors to provide or request information; such contact is part of normal professional practice and, absent concrete evidence of an unlawful agreement, cannot support § 1983 liability. *See Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002).

Moreover, the supposed "donation" cannot support any inference of bribery. The contribution was made in 2012, more than two years before the Prosecutor's Office independently charged Plaintiff in December 2014, after the civil trial had concluded. The substantial temporal gap alone negates any causal link. Lawful campaign contributions are protected political expression under both the First Amendment and Hawaiʻi's campaign-finance statutes (*see* Haw. Rev. Stat. §§ 11-351 et seq.) and cannot constitute bribery absent an express quid pro quo—a specific exchange of value for an official act. *McDonnell v. United States*, 579 U.S. 550, 574–75 (2016); *Citizens United v. FEC*, 558 U.S. 310, 359 (2010). The SAC alleges no such agreement, benefit, or contemporaneous act. Because the undisputed timeline and governing law demonstrate that Tanaka's minimal 2012 donation and any professional communication with the Prosecutor's Office were

entirely lawful and unrelated to the 2014 charging decision, this theory provides no

basis for § 1983 liability and should be rejected in its entirety.

### 2. The Fraudulent Concealment Claim in the Second Amended Complaint is Not legally cognizable.

The fraudulent-concealment claim should be dismissed under Rule 12(b)(6)

because Hawaiʻi law does not recognize fraudulent concealment as an independent

cause of action. It is solely a tolling doctrine and "does not itself create a cause of

action or right of recovery." *Au v. Au*, 63 Haw. 210, 626 P.2d 173, 178 (1981);

*Kekona v. Abastillas*, No. 13-00611 SOM-RLP, 2014 WL 4059882, at *3 (D. Haw.

Aug. 14, 2014). Even assuming such a claim existed, the SAC still fails to plead

the essential elements of fraud—false representation, duty to disclose, and

cognizable injury—and instead repeats allegations this Court has already found

legally insufficient.

The October 7 Order granted Plaintiff limited leave to amend the fraudulent-

concealment claim because she had pled certain details regarding the 2012 civil

case, but the Court expressly emphasized that she must still plead the elements of

fraud, including a false statement, duty, and a legally cognizable injury, consistent

with *Pac. Stock, Inc. v. Pearson Educ., Inc.*, 927 F. Supp. 2d 991, 1003–04 (D.

Haw. 2013). Dkt. 158 at 30–31. The SAC does not satisfy those requirements. It

pleads no false statement or duty attributable to Tanaka and again relies on

speculative "injuries"—delayed discovery of an alleged "conspiracy" and an

13

assertedly different outcome in the 2012 Title VII case—both of which the Court has already held are not cognizable as a matter of law. *Id.* at 34–35. Fraudulent concealment is "a type of fraud based on fraud by omission and concealment," *Skyline Zipline Glob., LLC v. Domeck*, No. 12-00527 ACK-KSC, 2013 WL 1103084, at *9 (D. Haw. Mar. 15, 2013), and requires a false representation, reliance, knowledge, and damages. An omission is actionable only if the defendant (1) failed to disclose a material fact, and (2) had a duty to do so. *Id.*

### a. The SAC Still Fails to Allege Any False Representation or Concealment by Tanaka

To invoke fraudulent-concealment tolling, Plaintiff must allege facts supporting a tolling theory as to each individual defendant. Dkt. 117 at 25. The SAC fails to meet that requirement. It repeats the same discovery-conference allegations from the 2012 Title VII case that the Court has already held insufficient to show any misrepresentation or concealment by Tanaka. The SAC alleges that Tanaka "represented to the magistrate judge and Mau that MAI had already produced all documents to the Department of the Prosecuting Attorney." SAC ¶ 192. Yet Plaintiff still does not allege—with the specificity required by Rule 9(b)—what was false about that statement or why it was misleading when made. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124–25 (9th Cir. 2009); *In re Cloudera, Inc.*, 121 F.4th 1180, 1187 (9th Cir. 2024).

14

The April 17, 2014 case-management transcript confirms that Tanaka made no false statement. She accurately informed the magistrate judge that MAI had already produced to Plaintiff the documents previously provided to the Department of the Prosecuting Attorney, although not as a segregated set, and the magistrate judge directed MAI to compile and re-produce them—which MAI did. RJN, Exh. "A" at 4:20–6:2. Moreover, the SAC itself admits that by late September 2013 Plaintiff was already aware that the Prosecutor's Office was interviewing witnesses regarding the same "side work" issues she now claims were concealed. SAC ¶ 47. Mau's own filing in the 2014 criminal case likewise reflect her knowledge of the Department of the Prosecuting Attorney's investigation well before 2014. *See* RJN Exh. "B". Judicial notice is proper as to the existence and contents of those filings. These admissions foreclose any assertion that Tanaka concealed the referral or related information. The SAC alleges no facts suggesting that Tanaka withheld or concealed any documents thereafter. Accordingly, even after amendment, the SAC identifies no false representation, omission, or duty to disclose attributable to Tanaka, and the fraudulent-concealment claim fails under Rules 12(b)(6) and 9(b).

### b. The SAC Still Fails to Allege Any Legally Cognizable Injury

The October 7 Order granted Plaintiff one limited opportunity to amend her fraudulent-concealment claim by alleging a legally cognizable injury. Dkt. 158 at 18–20. The SAC does not do so. It repeats the same two theories previously

15

rejected: (1) that earlier disclosure in 2014 would have changed the outcome of the 2012 Title VII trial, and (2) that earlier disclosure would have revealed the alleged conspiracy sooner. SAC ¶¶ 198–199, 214. Neither constitutes an actionable injury under Hawaiʻi law.

The October 7 Order noted in a footnote that Hawaiʻi recognizes a narrow ability to bring a later tort action for extrinsic fraud in prior litigation. *See Matsuura v. E.I. du Pont de Nemours & Co.*, 73 P.3d 687, 700 (Haw. 2003). That observation does not assist Plaintiff. *Matsuura* applies only where a party's fraud prevented an opponent from fully and fairly litigating the earlier case. Plaintiff does not allege extrinsic fraud. Her theories—purported nondisclosure of documents during discovery, alleged inaccuracies in testimony, and disagreement over what should have been produced—are allegations of intrinsic fraud, which must be raised, if at all, through Rule 60 in the underlying proceeding. Consistent with that principle, the October 7 Order confirmed that Plaintiff's alleged injuries—a supposedly different outcome at her 2014 trial and delayed discovery— are not legally cognizable and would constitute an impermissible collateral attack on the final judgment. Dkt. 158 at 34–35.

### i. The "changed outcome" theory is an impermissible collateral attack.

Plaintiff again asserts that her civil trial in July 2014 would have differed had Tanaka disclosed additional documents. This theory is foreclosed by the

collateral-attack doctrine, which prohibits relitigation of issues resolved by a final judgment. *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 902 (9th Cir. 2001); *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1393 (9th Cir. 1987). Courts may not "re-examine and decide a question which has been finally determined" in prior litigation. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 334 (1958). Federal courts repeatedly reject post-judgment fraud claims based on alleged nondisclosure of discovery materials. *See Sander v. Weyerhaeuser Co.*, 966 F.2d 501, 503 (9th Cir. 1992). Rule 60 provides the exclusive mechanism—and strict deadlines—for seeking relief from such a judgment. *Id.* Plaintiff cannot circumvent Rule 60 by re-branding her challenge as "fraudulent concealment." Plaintiff's dissatisfaction with the outcome of her civil trial in July 2014 does not permit her to re-litigate that case here; the judgment is final, and this action cannot serve as a vehicle to reopen it.

ii. **The SAC's "late discovery" theory is not a cognizable injury and merely duplicates Plaintiff's tolling argument.**

The SAC again alleges that earlier disclosure "would have enabled Mau to uncover the conspiracy sooner." SAC ¶¶ 198–199. But delayed discovery is not an actionable injury. Fraudulent concealment tolls a limitations period; it does not itself create liability. *Au*, 626 P.2d at 178; *Kekona*, 2014 WL 4059882, at *3. A plaintiff must allege an injury "separate and apart from the discovery of the underlying conduct." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034,

17

1045 (9th Cir. 2011). Plaintiff alleges no such distinct harm. She does not claim she lost property, forfeited legal rights, or suffered any compensable damage. Because this theory merely duplicates her tolling argument and alleges no actual injury, it fails as a matter of law.

### 3. Dismissal With Prejudice Is Required

After two amendments, Plaintiff still pleads neither a false representation nor a cognizable injury. Both purported injuries—an alleged different outcome in the 2014 trial and delayed discovery—are legally barred, and Plaintiff has not cured the defects the Court identified. Under Ninth Circuit authority, dismissal with prejudice is required where a plaintiff repeatedly fails to cure deficiencies. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009); *Cervantes*, 656 F.3d at 1041; *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Because the SAC adds no new facts establishing any false statement, duty, or injury attributable to Tanaka, further amendment would be futile.

### B. THE SAC'S SCANDALOUS "ALIVADO COACHING" ALLEGATIONS AND THE IMPROPERLY REINSERTED MALICIOUS-PROSECUTION ALLEGATIONS SHOULD BE STRICKEN UNDER RULE 12(F)

Even if the Court does not dismiss the SAC in its entirety, it should strike the SAC's scandalous and improperly re-pleaded allegations under Rule 12(f). These allegations exceed the narrow scope of leave to amend, contradict the Court's prior

Orders, and have no bearing on the remaining claims. Their only effect is to prejudice Defendant and unnecessarily expand the scope of discovery.

### 1. The "Alivado Coaching" Allegations Are False and Should Be Stricken (Rule 12(f))

The SAC adds a series of inflammatory allegations accusing witness Rudy Alivado and Ms. Tanaka of perjury and subornation of perjury. *See, e.g.*, SAC ¶¶ 177–185, 213–226 (for example, ¶¶ 177 and 216 allege that "During the trial of the 2012 Civil Action, Alivado testified under oath and represented that Mau had taken money intended to go to MAI, in support of MAI's claim of theft," and ¶¶ 178 and 217 allege that "Alivado's sworn testimony during the trial of the 2012 Civil Action was false and perjured"). These accusations—asserting that Tanaka "coached" or induced Alivado to provide false testimony—have no bearing on any element of the two remaining claims (§ 1983 and fraudulent concealment) and serve only to cast Defendant in a derogatory and prejudicial light. Rule 12(f) authorizes striking such "immaterial, impertinent, or scandalous" matter. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

In addition, the allegations are squarely contradicted by the judicially noticeable trial transcript. The certified Day 7 transcript reflects that Alivado did not testify that Mau "took money intended for MAI," nor that she committed theft, nor that he was instructed to give false testimony. Instead, his testimony showed

19

only that he personally assumed it was an MAI project and that he did not know

whether his cash payments ultimately reached MAI:

> **Q:** Okay. And was it your understanding that you were hiring Ms. Mau in her capacity as an MAI employee or as a separate private job?
>
> **A:** I hired her as an employee of MAI based on the blueprints that was completed, et cetera, and she handled the interior design.

RJN, Exh. "C", Trial Tr. Day 7, pp. 85, Lines 15 – 20.

> **A:** Well, when I pulled out my checkbook to pay her the first time she asked, Oh, could I have cash? So I said, Well, I don't have $800 in my pocket right now. So about one or two days later I have to go and get some money, some cash. So two days later I went back to her office, I paid her $800. And then several months later, maybe six months later, she asked for another payment, which was $2,000.
>
> **Q.** Okay. So both payments were made in cash to Ms. Mau; is that correct?
> **A.** Yes, based on her request.
>
> **Q:** Okay. And you just assumed it was an MAI project, and you were paying her in her capacity as an architect on behalf of Mitsunaga & Associates, Inc.; is that correct?
>
> **A:** That was my assumption, yes.
>
> **Q:** Do you know whether the cash payments actually went to Mitsunaga & Associates, Inc.?
>
> **A:** I don't know.
>
> **MS. TANAKA:** No further questions.

RJN, Exh. "C", Trial Tr. Day 7, p. 86, Line 25 – p. 87, Line 17.

Because judicially noticeable documents control over contrary allegations,

the Court is "not required to accept as true allegations that contradict exhibits

20

attached to the complaint or matters subject to judicial notice." *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also* Fed. R. Evid. 201(b).

These allegations therefore have no possible bearing on the two remaining claims, and their inclusion would only multiply discovery and prejudice Defendant by injecting unfounded accusations of criminal and professional misconduct. Courts routinely strike such material as "immaterial, impertinent, or scandalous." *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664–65 (7th Cir. 1992). The Court should strike ¶¶ 177–185 and 213–2226 and all related references under Rule 12(f). Allowing these allegations to remain would require costly, intrusive discovery into supposed perjury and "coaching" issues that have no bearing on the two surviving claims, effectively turning this case into a collateral trial about counsel's ethics and the accuracy of trial testimony in prior proceedings.

## 2. The Malicious-Prosecution Allegations Should Be Stricken (Rule 12(f))

The SAC also reincorporates allegations lifted directly from Plaintiff's previously dismissed malicious-prosecution claim, embedding them into Counts I and III. *See*, e.g., SAC ¶¶ 110–125. These paragraphs are lifted almost verbatim from the malicious-prosecution cause of action in the prior complaint and merely re-labeled as part of the Second Amended Complaint. This exceeds the scope of the October 7 Order, which dismissed the malicious-prosecution cause of action

21

with prejudice and without leave to amend**.** Dkt. 158 at 35–36. Allegations premised on a claim dismissed with prejudice are "immaterial and impertinent" and properly stricken. *DeLeon v. Wells Fargo Bank, N.A.*, 2010 WL 4285006, at \*3 (N.D. Cal. Oct. 22, 2010); *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 132 (N.D. Cal. 2020). Allowing Plaintiff to re-plead a barred theory would undermine the finality of the Court's judgment and improperly expand the scope of discovery and further motion practice. Because the October 7 Order expressly denied Plaintiff leave to amend the malicious-prosecution claim and warned that further amendment would be futile, Plaintiff's re-insertion of those allegations contravenes the Court's directive and should be stricken under Rule 12(f).

## C.    LAW OF THE CASE AND FUTILITY OF FURTHER AMENDMENT

Plaintiff's Second Amended Complaint introduces no genuinely new factual matter as to Defendant Tanaka.  Instead, it repackages the same allegations that supported the malicious-prosecution claim the Court dismissed with prejudice, embedding those discredited assertions into the first (§ 1983) and third (fraudulent-concealment) causes of action. Because the Court has already determined that those theories are legally barred, their reappearance in the SAC violates both the law of the case and the scope of the Court's limited leave to amend. Allegations derived from a claim dismissed with prejudice cannot be reasserted through a different cause of action and should be stricken or disregarded. *See DeLeon v.*

22

*Wells Fargo Bank, N.A.*, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010)*
(striking allegations exceeding the scope of leave to amend).

The October 7, 2025 Order is now the law of the case and binding on
Plaintiff. That Order conclusively held that (1) the malicious-prosecution claim is
time-barred and dismissed with prejudice, and (2) the § 1983 and fraudulent-
concealment claims survived only on narrow, plausibility-stage grounds. Once an
issue has been decided, it "should not be revisited by the same court in the same
case except under extraordinary circumstances." *See United States v. Alexander*,
106 F.3d 874, 876 (9th Cir. 1997). None exist here.

Having already granted Plaintiff one final opportunity to amend, the Court is
not required to give her another chance to reassert theories already rejected. The
Ninth Circuit repeatedly holds that dismissal with prejudice is mandatory when a
plaintiff "merely repeats prior allegations and fails to cure the deficiencies
identified by the court." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981,
1007 (9th Cir. 2009); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034,
1041 (9th Cir. 2011); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.
1992) (affirming dismissal with prejudice where plaintiff ignored prior leave-to-
amend instructions). Plaintiff's SAC fails to add a single material fact concerning
Tanaka's alleged concealment, knowledge, or duty. Instead, it merely restates the
same narrative already found insufficient. Because amendment has already been

23

granted once—and Plaintiff's disregard for the Court's directives confirms that further amendment would be futile—dismissal with prejudice is not only proper but required.

**D.  LEAVE TO AMEND SHOULD BE DENIED.**

"[A] district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).  The Court granted Mau's request to amend the prior complaint.  Any further amendment would be futile.

## IV.  CONCLUSION

Plaintiff's Second Amended Complaint does not cure—and in many respects magnifies—the defects this Court already identified. The § 1983 claim remains time-barred and unsupported by any allegation of state action, and the fraudulent-concealment claim still fails to allege a false statement, duty, or cognizable injury. Because further amendment would be futile, dismissal with prejudice is warranted.

Accordingly, Defendant Sheri J. Tanaka respectfully requests that the Court: (1) dismiss the first and third causes of action of the Second Amended Complaint with prejudice under Rule 12(b)(6); (2) strike immaterial and scandalous allegations under Rule 12(f); and (3) grant such other relief as the Court deems just

24

and proper, including costs and fees if warranted under 28 U.S.C. § 1927 and

sanctions under Rule 11(c)(3).

Dated:  November 14, 2025.          Respectfully submitted,

                                    _____/s/_____Crystal K. Glendon_____
                                    Crystal K. Glendon (#8130)
                                    Kelli Ponce (#8579)
                                    Glendon & Ponce
                                    1001 Bishop St., Ste. 710
                                    Honolulu, Hawai'i 96813
                                    (808) 762-7643
                                    crystal@glendonponce.com
                                    kelli@glendonponce.com

                                    Eric R. Maier (admitted pro hac vice)
                                    Older Lundy Koch & Martino
                                    1000 West Cass Street
                                    Tampa, Florida 33606
                                    (813) 254-8998
                                    emaier@olderlundylaw.com

                                    *Attorneys for Defendant Sheri Jean Tanaka*

## <u>CERTIFICATE OF COMPLIANCE (LOCAL RULE 7.4(e))</u>

I HEREBY CERTIFY that this document was prepared in Times Roman 14-point font in compliance with Local Rule 10.2(a)(2); and this document contains a total of 6,122 words (as counted by the word processing program used to create the document), exclusive of the caption, table of contents, table of authorities, proof of service, certificate of service and certificate of compliance, and it therefore conforms with Local Rule 7.4(e).

Dated:  November 14, 2025

_____/s/_____Crystal K. Glendon_____
Crystal K. Glendon (#8130)
Kelli Ponce (#8579)
Glendon & Ponce
1001 Bishop St., Ste. 710
Honolulu, Hawai'i 96813
(808) 762-7643
crystal@glendonponce.com

Eric R. Maier (admitted pro hac vice)
Older Lundy Koch & Martino
1000 West Cass Street
Tampa, Florida 33606
(813) 254-8998
emaier@olderlundylaw.com

*Attorneys for Defendant Sheri Jean Tanaka*