UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREL J. MAU, an individual,<br><br>                  Plaintiff,<br><br>v.<br><br>CITY & COUNTY OF HONOLULU; KEITH MITSUYOSHI PROSECUTOR KANESHIRO; JACOB GEORGE DELAPLANE; VERNON BRANCO; MITSUNAGA & ASSOCIATES, INC.; DENNIS KUNIYUKI MITSUNAGA; AARON SHUNICHI FUJII; CHAD MICHAEL MCDONALD; TERRI ANN OTANI; SHERI JEAN TANAKA; RUDY ALIVADO; and DOE DEFENDANTS 1 - 50, inclusive,<br><br>                  Defendants. | Case No.: 24cv0253-GPC(WRP)<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT SHERI JEAN TANAKA'S ATTORNEYS SHOULD NOT BE SANCTIONED** |

    Defendant Sheri Jean Tanaka filed a motion to dismiss second amended complaint on November 14, 2025 and a reply on January 6, 2026. (Dkt. Nos. 166, 187.) In her motion to dismiss, Tanaka's counsel cited the following cases:

    1. *Kekona v. Abastillas*, No. 13-00611 SOM-RLP, 2014 WL 4059882 (D. Haw. Aug. 14, 2014).

2. *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 18-md-02843-JSC, 2020 WL 614956, at *2 (N.D. Cal. Feb. 10, 2020).

3. *Ritchie v. Hawaii*, 2011 WL 6303869, at *6 (D. Haw. Dec. 16, 2011)

4. *Kema v. Pentagen Techs.*, 2013 WL 1349619, at 4 (D. Haw. Mar. 29, 2013).

All four cases are not identifiable by their Westlaw citations and for those with case numbers, the Court is unable locate them in the respective court's local Electronic Court Filing System. For example, *In re Facebook, Inc.* has no order filed on February 10, 2020.

Next, in the motion and reply, Tanaka's counsel cites to the following cases but none are on point.

1. *Au v. Au*, 63 Haw. 210, 216 (1981). The quoted language and the legal proposition are not correct. (Dkt. No. 166 at 20.[1])

2. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) and *Hoang v. Bank of Am.*, N.A., 910 F.3d 1096, 1102 (9th Cir. 2018) do not stand for the proposition that a party cannot "revive a dismissed cause of action by reincorporating its factual predicates into other claim or relitigating theories already rejected by the Court." (Dkt. No. 187 at 9.) Rather, *Ramirez* concerned the interplay between Rule 15 and a Local Rule and the ability to amend and *Hoang* addressed the liberality of granting leave to amend.

3. "*Hoang v. Bank of Am.*, N.A., 910 F.3d 1096, 1104-05 (9th Cir. 2018) (rejecting efforts to transform alleged litigation misconduct and later-discovered information into a separate fraud claim)." (Dkt. No. 187 at 14 n.4.) The page citation to *Hoang* does not exist and the parenthetical explanation is not what the case states.

---

[1] Page numbers are based on the CM/ECF pagination.

4. *"Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008) (holding that ordinary litigation conduct, including discovery conduct, cannot serve as the basis for an independent fraud claim)." (Dkt. No. 187 at 14 n. 4.)  The parenthetical explanation is not correct.

5. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1131 (9th Cir. 2014) does not stand for the proposition that "[l]ater testimony in a separate proceeding does not retroactively create a disclosure duty, establish reliance during earlier litigation, or transform litigation conduct into an independent tort." (Dkt. No. 187 at 12-13.)  Also, *Levitt* does not support the rule that "Courts also consistently reject attempts to recast litigation conduct as an independent tort.  Discovery positions, advocacy, and trial strategy-whether later disputed-do not give rise to fraud claims." (Dkt. No. 187 at 15.)

Recent caselaw has addressed an attorney's duty to check and verify sources when using Artificial Intelligence ("AI").  *See Wadsworth v. Walmart Inc.*, 348 F.R.D. 489 (D. Wyo. 2025).  AI Hallucinations "occurs when an AI database generates fake sources of information." *Id.* at 493.  Rule 11 requires an attorney, when presenting a written motion to the court, certify to the best of his or her knowledge, information and belief that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ."  Fed. R. Civ. P. 11(b)(2); *Benjamin v. Costco Wholesale Corp.*, -- F. Supp. 3d --, No. 2:24-CV-7399 (LGD), 2025 WL 1195925, at *2 (E.D.N.Y. Apr. 24, 2025) (order imposing sanctions stating that "an attorney who submits fake cases clearly has not read those nonexistent cases, which is a violation of Rule 11 . . . .").

Rule 11 also requires that an attorney's reliance on actual cases must be cited for the propositions they were cited and that the arguments are legally tenable.  *See Verso Paper LLC v. HireRight, Inc.*, Case No. SACV 10-1959-DOC (RNBx), 2012 WL

13018381, at *1 (C.D. Cal. Apr. 11, 2012) (citing cases that are not on point arguably constitutes a violation of Rule 11(b)(2).

Accordingly, IT IS HEREBY ORDERED that Tanaka's attorney shall provide a true and accurate copy of the four cases that did not have identifiable Westlaw citations. If he or she is unable to do so, he or she must provide a detailed explanation for how the fake citations/cases were generated and each attorney's role in drafting, checking and verifying case citation or supervising the motion. Tanaka's attorney shall also explain the drafting, checking and verifying of case citations of the remaining actual cases that are not on point.

IT IS FURTHER ORDERED that Tanaka's attorney(s) shall show cause why he or she should not be sanctioned pursuant to: (1) Fed. R. Civ. P. 11(b), (c); and (2) the inherent power of the Court to order sanctions for citing non-existent cases and misstating the law to the Court on or before **February 13, 2026**. *See Mata v. Avianca, Inc.*, No. 22-CV-1461 (PKC), 2023 WL 3696209, at *2 (S.D.N.Y. May 4, 2023); *United States v. Cohen,* No. 18-CR-602 (JMF), 2023 WL 8635521, at *1 (S.D.N.Y. Dec. 12, 2023).

IT IS FURTHER ORDERED that the Court reserves the right to call a hearing for this matter based on the evidence received.

IT IS SO ORDERED.

Dated: January 30, 2026

Hon. Gonzalo P. Curiel
United States District Judge