Eric R. Maier (admitted *pro hac vice*)
Older Lundy Koch & Martino
1000 West Cass Street
Tampa, Florida 33606
(813) 254-8998
emaier@olderlundylaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAUREL J. MAU,<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CITY & COUNTY OF HONOLULU;<br>KEITH MITSUYOSHI KANESHIRO;<br>JACOB GEORGE DELAPLANE;<br>VERNON BRANCO; MITSUNAGA &<br>ASSOCIATES, INC.; DENNIS<br>KUNIYUKI MITSUNAGA; AARON<br>SUNICHI FUJII; CHAD MICHAEL<br>MCDONALD; TERRI ANN OTANI;<br>SHERI JEAN TANAKA; RUDY<br>ALIVADO; and DOE DEFENDANTS<br>1 – 50,<br>　　　　　Defendants.<br>_____ | Case No. CV 1:24-00253 (GPC-WRP)<br><br>DECLARATION OF ERIC R. MAIER<br>IN RESPONSE TO COURT'S<br>JANUARY 30, 2026 ORDER TO<br>SHOW CAUSE WHY SHERI JEAN<br>TANAKA'S ATTORNEYS SHOULD<br>NOT BE SANCTIONED |

I, Eric R. Maier, declare as follows:

1.  I am licensed to practice before the courts of California, Florida and Michigan, and numerous federal courts therein, and I have been admitted pro hac vice to appear in this action on behalf of Sheri J. Tanaka. I make this declaration in response to the Court's January 30, 2026 *Order to Show Cause Why Defendant Sheri Jean Tanaka's Attorneys Should Not Be Sanctioned*.

2.  Since the inception of this case, Ms. Tanaka has been represented by: (i) me, appearing pro hac vice, and (ii) a local Honolulu firm.

3.  In connection with Ms. Tanaka's motion to dismiss the original complaint in this matter, I was assigned the primary role in drafting the moving papers (Docket No. 58), drafting the reply papers (Docket No. 91), appearing at the oral argument on the motion on February 18, 2025, and submitting the supplemental briefing requested by the Court (Docket No. 115).

4.  In connection with Ms. Tanaka's motion to dismiss the First Amended Complaint in this matter, I was assigned the primary role in drafting the moving papers (Docket No. 124), drafting the reply papers (Docket No. 146), and appearing at the oral argument on the motion on September 2, 2025.

5.  In connection with Ms. Tanaka's motion to dismiss the Second Amended Complaint in this matter, I had no role whatsoever in the drafting of any of the moving papers, nor was I given an opportunity to review the moving papers

before they were filed by Honolulu counsel. In fact, I was not even provided with a draft of the motion before it was filed. The first time I received any version of the motion in any form or fashion was when it was filed through the Court's ECF system and served on all of the case participants (Docket No. 166).

6. In connection with Ms. Tanaka's reply memorandum in support of her motion to dismiss the Second Amended Complaint in this matter, I had no role whatsoever in drafting the reply memorandum, nor was I given an opportunity to review the reply memorandum before it was filed by Honolulu counsel. In fact, I was not even provided with a draft of the reply memorandum before it was filed. The first time I received any version of the reply memorandum in any form or fashion was when it was filed through the Court's ECF system and served on all of the case participants (Docket No. 187).

7. Given the elimination of my responsibilities following the Plaintiff's filing of the Second Amended Complaint, I intend to seek an order relieving me of any further responsibilities or participation on this case.

I declare under penalty perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 30, 2026 in Tampa, Florida.

_____
ERIC R. MAIER