UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREL J. MAU, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY & COUNTY OF HONOLULU; KEITH MITSUYOSHI PROSECUTOR KANESHIRO; JACOB GEORGE DELAPLANE; VERNON BRANCO; MITSUNAGA & ASSOCIATES, INC.; DENNIS KUNIYUKI MITSUNAGA; AARON SHUNICHI FUJII; CHAD MICHAEL MCDONALD; TERRI ANN OTANI; SHERI JEAN TANAKA; RUDY ALIVADO; and DOE DEFENDANTS 1 - 50, inclusive,<br><br>                    Defendants. | Case No.: 24cv0253-GPC(WRP)<br><br>**ORDER DENYING DEFENDANTS MAI AND MITSUNAGA'S MOTION TO STRIKE AND MOTION FOR SANCTIONS UNDER RULE 11**<br><br>[Dkt. No. 183.] |

Before the Court is Defendants MAI and Mitsunaga's motion to strike paragraphs 229-31 of the second amended complaint and motion for sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 11. (Dkt. No. 183.) Plaintiff filed an opposition, (Dkt. No. 191), and MAI and Mitsunaga replied. (Dkt. No. 192.) Based on the reasoning

below, the Court DENIES Defendants' MAI and Mitsunaga's motion to strike paragraphs 223-31 of the SAC as moot and DENIES their motion for sanctions.

## Background

The parties are familiar with the allegations of this proceeding, and the Court will not recount them here and relies on the alleged facts in the Court's prior order granting in part and denying in part Defendants' motions to dismiss the second amended complaint ("SAC"). (Dkt. No. 193.)

Defendants MAI and Mitsunaga seek to strike paragraphs 229-31 supporting the second cause of action for fraudulent concealment in the SAC. Because the Court recently granted dismissal of the second cause of action for fraudulent concealment, (Dkt. No. 193), the Court DENIES Defendants' motion to strike these paragraphs as moot. The Court considers the remaining issue of whether sanctions should be imposed against Plaintiff's counsel pursuant to Rule 11.

## Discussion

**A.  Legal Standard for Rule 11 Sanctions**

"[T]he central purpose of Rule 11[1] is to deter baseless filings in district court and . . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v.*

---

[1] Rule 11(b) provides
> Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

*Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  Rule 11 imposes a duty on attorneys to certify that "(1) they have read the pleadings or the motions they file, and (2) the pleading or motion is 'well-grounded' in fact, has a colorable basis in law, and is not filed for an improper purpose." *Sec. Farms. v. Int'l Bhd. Of Teamsters*, 124 F.3d 999, 1016 (9th Cir. 1997) (citing Fed. R. Civ. P. 11(b)).

In the Ninth Circuit, complaints may be challenged only for "frivolousness," defined as a "filing that is both baseless and made without reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (*en banc*).  "When, as here, a complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citation and quotation marks omitted).  At base, "[t]he issue in determining whether to impose sanctions under Rule 11 is whether a reasonable attorney, having conducted an objectively reasonable inquiry into the facts and law, would have concluded that the offending paper was well-founded." *Truesdell v. So. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 174 (C.D. Cal. 2002).

Cases warranting imposition of sanctions for frivolous actions are "rare and exceptional." *Operating Eng'rs Pension Trust v. A–C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988); *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 437 (9th Cir. 1996) (characterizing sanctions as "an extraordinary remedy, one to be exercised with extreme caution").  "District courts enjoy much discretion in determining whether and how much sanctions are appropriate." *Oliver v. In-N-Out Burgers*, 945 F. Supp. 2d 1126, 1130 (S.D. Cal. 2013) (citing *Haynes v. City & Cnty. of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012)).

**B.     Analysis**

Paragraphs 229-31 of the SAC allege,

> 229. Mitsunaga used MAI as a mere instrumentality for a single venture of his in seeking retribution and retaliation against Mau by entering various conspiracies to bring false felony criminal charges against Mau, as alleged below.
> 230. Mitsunaga used MAI to conceal his personal business and other wrongful activities within the various conspiracies to bring false felony criminal charges against Mau, as alleged below.
> 231. Mitsunaga used MAI as a subterfuge of illegal transactions within and about the various conspiracies to bring false felony criminal charges against Mau, as alleged below.

(Dkt. No. 161, SAC ¶¶ 229-31.)

Defendants argue that the allegations that Mitsunaga "used MAI as a mere instrumentality for a single venture;" "used MAI to conceal his personal business and other wrongful activities"; and "used MAI as a subterfuge of illegal transactions" to support alter ego liability are false. (Dkt. No. 183 at 10.) Rather, MAI argues has been a successful and profitable company licensed to do business in the State of Hawai`i for decades and includes numerous officers, vice presidents, and other senior employees. *(Id.* at 11.) Mau responds she is not alleging that MAI's existence is for the purpose of serving as an instrumentality of Mitsunaga's retribution against Mau; rather, she is alleging that Mitsunaga used MAI as the instrumentality to effectuate the goal of bringing false criminal charges against Mau. (Dkt. No. 191 at 8.)

Paragraphs 229-31 support the alter ego liability of Mitsunaga for the now dismissed fraudulent concealment cause of action against Defendants MAI and Mitsunaga for concealing discovery responses in the 2012 Employment Civil Action, coaching Defendant Alivado to provide false testimony in the same action, and concealing his false testimony. (Dkt. No. 161, SAC ¶¶ 188-236.)

In Hawaii, the "general rule is that a corporation and its shareholders are to be treated as distinct legal entities" but the "corporate 'veil' will be pierced and the legal entity of the corporation will be disregarded only where recognition of the corporate fiction would bring about injustice and inequity or when there is evidence that the

corporate fiction has been used to perpetrate a fraud or defeat a rightful claim." *Chung v. Animal Clinic, Inc.*, 696 P.2d 721, 723 (Haw. 1981); *Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co.*, 982 P.2d 853, 870 (1999), *superseded by statute on other grounds as recognized in Davis v. Four Seasons Hotel Ltd.*, 228 P.3d 303, 308 n.9 (2010) (citations and quotation marks omitted). The Hawaii Supreme Court identified at least 25 factors to consider when assessing alter ego liability. *See Robert's Haw. Sch. Bus*, 982 P.2d at 871. Paragraphs 229-31 allege three of the twenty-five factors.

In its prior orders, the Court concluded that Plaintiff had alleged a claim against MAI and Mitsunaga for § 1983 conspiracy to maliciously prosecute Mau by seeking to pursue felony criminal charges against her. (Dkt. Nos. 158, 193.) In a prior order, the Court granted Plaintiff leave to amend to allege alter ego liability on the conduct of Defendant Mitsunaga. (Dkt. No. 158 at 34.) The FAC alleged allegations that MAI was influenced and governed by Mitsunaga but did not satisfy enough of the *Robert's* factors to support alter ego liability. Pursuant to the Court's direction, Plaintiff added allegations to the SAC to support the theory that Mitsunaga was an "alter ego" of MAI. Therefore, Plaintiff's alter ego liability arises from the allegations that had already been pleaded and are not baseless. *See Lengerich v. Columbia College*, 633 F. Supp. 2d 599, 610 (N.D. Ill 2009) (denying Rule 11 sanctions because it was not unreasonable to add new theory of alter ego liability in response to prior court order).

Further, Plaintiff relies on certain exhibits to support her conspiracy to maliciously prosecute and alter ego liability allegations and that counsel had a reasonable basis for the allegations that MAI was controlled by Mitsunaga during 2011-2014. Exhibit 1 is Plaintiff's counsel's letter to MAI's counsel dated December 23, 2025, Exhibit 2 is a letter from Sheri Tanaka to Laurel Mau dated November 25, 2011, Exhibit 3 is the first superseding indictment in the 2022 Federal Criminal Case, Exhibit 4 is the Nadamoto Memo, Investigation of Former Mitsunaga Employee Laurel Mau; Exhibit 5 is Findings of Fact, Conclusions of Law, and Order Granting Defendant's Motion to Dismiss Felony Information 2022 Federal Criminal Case; and Exhibit 6 is an order on MAI's assertion of

attorney-client privilege in the 2022 Federal Criminal Case. (*See* Dkt. No. 191-3, 191-4, 191-5, 191-6, 191-7, and 191-8.) Defendants object to Exhibits 2, 4-6 arguing they should be stricken because they fail to comply with Federal Rule of Evidence 602 requiring personal knowledge. The Court overrules Defendants' objections.

At "the pleading stage . . . plaintiffs are only required to plead facts, not produce admissible evidence." *In re Connetics Corp. Sec. Litig.,* 542 F. Supp. 2d 996, 1002 (N.D. Cal. 2008) (citation omitted). Therefore, the question is not whether the evidence relied upon by Mau's attorney was admissible under Rule 602 but whether Mau's attorney conducted a reasonable factual investigation prior to filing the second amended complaint. These documents show a course of conduct that was led by MAI, through Mitsunaga, to maliciously prosecute Mau. Specifically, the documents provide support that MAI, through Mitsunaga, concealed discovery responses in the 2012 Employment Civil Action, and coached Defendant Alivado to provide false testimony in the same action, and concealed his false testimony. Based on the alleged close relationship between Mitsunaga and MAI, Plaintiff alleges that Mitsunaga used MAI to maliciously prosecute Mau by engaging in conspiracies to bring false charges against her.

Finally, even though paragraphs 229-31 allege the boilerplate elements of alter ego liability and may not have stated a claim, the issue is not whether the allegations would survive a Rule 12(b)(6) challenge but whether Plaintiff's counsel has conducted a reasonable and competent inquiry into the facts and the law. *See Dakavia Mgmt. Corp. v. Bigelow*, No. 1:20-cv-00448-NONE-SKO, 2022 WL 104245, at *15 (E.D. Cal. Jan. 10, 2022) ("Plaintiffs' agency and alter-ego allegations have been found to be legally insufficient because plaintiffs only alleged one (at most) of the relevant factors (ownership), but merely failing to state a claim does not justify the imposition of sanctions. Indeed, defendants' arguments would render a great many complaints dismissed by the undersigned under Rule 12(b)(6) potentially sanctionable."); *Hamilton v. El Moussa*, No. 2:19-cv-08182-SB (AFMx), 2020 WL 13532605, at *4 (C.D. Cal. Nov. 13, 2020) (declining to impose Rule 11 sanctions against a plaintiff for having

asserted purportedly baseless alter ego allegations, even where "[t]he basis for those allegations was, to say the least, tenuous"); *Intelligent SCM, LLC v. Qannu PTY Ltd*, Case No. CV 14-06417 MMM (VBKx), 2015 WL 13916820, at *25 (C.D. Cal. July 2, 2015) (circumstantial evidence and reasonable inferences that arise therefrom provide plausible basis to avoid Rule 11 sanctions.).  As discussed above, the Court concludes that the alter ego allegations are not baseless and were made after a reasonable and competent inquiry and DENIES Defendants' motion for sanction under Rule 11.

### Conclusion

Based on the reasoning above, the Court DENIES Defendants MAI and Mitsunaga's motion to strike paragraphs 229-231 of the SAC as moot and DENIES their motion for sanctions under Rule 11.  The hearing set on February 6, 2026 shall be **vacated**.

IT IS SO ORDERED.

Dated:  February 3, 2026

Hon. Gonzalo P. Curiel
United States District Judge