UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LAUREL J. MAU,<br>Plaintiff,<br>v.<br>CITY & COUNTY OF HONOLULU; KEITH MITSUYOSHI KANESHIRO; JACOB GEORGE DELAPLANE; VERNON BRANCO; MITSUNAGA & ASSOCIATES, INC.; DENNIS KUNIYUKI MITSUNAGA; TERRI AND OTANI; SHERI JEAN TANAKA; RUDY ALIVADO; and DOE DEFENDANTS 1-50,<br>Defendants. | Case No.: 24cv0253-GPC(WRP)<br>**ORDER FOLLOWING ORDER TO SHOW CAUSE AND SANCTIONING DEFENDANT TANAKA'S COUNSEL** |

On January 31, 2026, the Court issued an order to show cause why the attorneys of Defendant Sheri Jean Tanaka ("Tanaka") should not be sanctioned under Federal Rule of Civil Procedure 11 and the Court's inherent power for submitting fake cases as well as submitting cases that do not support the propositions stated. (Dkt. No. 194.) The Court noted that in Defendant Tanaka's motion to dismiss second amended complaint and reply

to the motion to dismiss, Tanaka's counsel cited cases that are nonexistent and cited real cases but cited them for legal propositions they do not support. (*Id.*) The Court ordered counsel to either provide true and accurate copies of the cited authorities or explain how the false citations were generated, as well as the drafting, checking and verifying of case citations of the actual cases that were not on point. (*Id.*)

Attorneys Crystal Gail K. Glendon ("Glendon") and Kelly K. Lee Ponce ("Ponce") filed declarations in response.[1] (Dkt. Nos. 203, 204.) They also simultaneously filed motions to withdraw as counsel for Tanaka. (Dkt. No. 202.)

Glendon and Ponce declare that they have full knowledge of the Disclosure and Certification Requirements for Generative Artificial Intelligence ("AI") that apply to all filings in the United States District Court for the District of Hawaii. (Dkt. No. 203, Glendon Decl. ¶ 15; Dkt. No. 204, Ponce Decl. ¶ 4.) They also state that they do not use AI for drafting legal documents. (Dkt. No. 203, Glendon Decl. ¶17; Dkt. No. 204, Ponce Decl. ¶ 5.) They acknowledge that the citations identified by the Court are incorrect and accept full responsibility for the mistakes and oversight in the filings. (Dkt. No. 203, Glendon Decl. ¶ 18; Dkt. No. 204, Ponce Decl. ¶ 7.) But, they assert that they are unable to explain the manner in which the errors occurred due to the attorney-client privilege and ethical obligations. (Dkt. No. 203, Glendon Decl. ¶¶ 12, 13; Dkt. No. 204, Ponce Decl. ¶ 8.)

/ / /

/ / /

[1] Co-counsel Eric R. Maier filed a sworn declaration asserting that he had no role in drafting, reviewing or filing the motion and reply. (Dkt. No. 195, Maier Decl. ¶¶ 5, 6.) Because Mr. Maier was not involved in any way in the sanctionable conduct at issue, he is not subject to sanctions. Shortly after he filed his declaration, he filed a motion to withdraw as co-counsel for Defendant Tanaka. (Dkt. No. 198.)

## Discussion

### A. Federal Rule of Civil Procedure 11

Federal Rule Civil Procedure ("Rule") 11(b)(2) provides, in part, that an attorney, when presenting to a court a written and signed motion, "certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," . . . "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, [and] legally tenable." *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 393 (1990); *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc*., 498 U.S. 533, 542 (1991) (Rule 11 mandates that attorneys must certify they have "read the document, [have] conducted a reasonable inquiry into the facts and the law and [are] satisfied that the document is well grounded in both[]"). Rule 11 imposes an objective standard of reasonableness, not a subjective good-faith test. *Bus. Guides, Inc.*, 498 U.S. at 551.

In recent years, attorneys have begun to use Artificial Intelligence ("AI") for legal research which can be beneficial but also has its shortcomings. *Wadsworth v. Walmart Inc*., 348 F.R.D. 489, 492-93 (D. Wy. 2025). One such shortcoming is the generation of AI Hallucinations "when an AI database generates fake sources of information." *Id.* at 493. Notwithstanding the method of legal research used, there has always been a longstanding requirement that attorneys check and verify sources. *Id.* "At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely." *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (attorney sanctioned for relying on non-existent authority generated from ChatGPT and made no inquiry required by Rule 11); *Benjamin v. Costco*

*Wholesale Corp*., 779 F. Supp. 3d 341, 343 (E.D.N.Y. 2025) ("To start with the obvious, an attorney who submits fake cases clearly has not read those nonexistent cases.")

Citations to fake cases in a signed motion violate Rule 11(b)(2). *See Oneto v. Watson*, --F. Supp. 3d--, 2025 WL 2901666, at *2 (N.D. Cal. Oct. 10, 2025) (citing cases); *Wadsworth v. Walmart Inc*., 348 F.R.D at 495 ("Because there is no dispute that Respondents cited fake cases in a signed motion, Respondents' conduct violates Rule 11(b)(2)."). Further, an attorney misrepresenting the holding of a case is also a violation of Rule 11(b)(2). *See Verso Paper LLC v. HireRight, Inc*., Case No. SACV 10-1959-DOC (RNBx), 2012 WL 13018381, at *1 (C.D. Cal. Apr. 11, 2012) (citing cases that are not on point arguably constitutes a violation of Rule 11(b)(2)).

Here, Glendon and Ponce acknowledge they violated Rule 11(b)(2) by presenting fictitious legal authorities that they had not read and take full responsibility for their filings. Thus, the Court finds that a hearing is unnecessary since it is undisputed that they have violated Rule 11. The Court next considers what sanctions to impose.

**B. Sanctions**

Where a violation of Rule 11 is found, the Court may impose an appropriate sanction and has wide discretion in determining the type of sanction imposed. *See* Fed. R. Civ. P. 11(c)(1); *Oneto*, 2025 WL 2901666, at *3 (citing *Hudson v. Moore Bus. Forms, Inc.,* 836 F.2d 1156, 1163 (9th Cir. 1987)). "Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." *Wadsworth*, 348 F.R.D. at 496-97 (quoting *White v. Gen. Motors Corp*., 908 F.2d 675, 683 (10th Cir. 1990)). Courts have imposed varying sanctions where attorneys have submitted nonexistent caselaw or misrepresented holdings of submitted cases. *See Oneto*, 2025 WL 2901666, at *4 (citing *Benjamin v. Costco Wholesale Corp.,* 779 F. Supp. 3d 341, 351 (E.D.N.Y. 2025) (requiring an attorney to pay

a $1,000 fine to the court and serve a copy of the court's sanction order on their client); *Wadsworth*, 348 F.R.D. at 499 (imposing a $3,000 fine on an attorney who drafted a brief with nonexistent cases and a $1,000 fine for other attorneys who signed, but did not draft, the brief); *Gauthier v. Goodyear Tire & Rubber Co.,* No. 1:23-cv-00281, 2024 WL 4882651, at *3 (E.D. Tex. Nov. 25, 2024) (imposing a $2,000 fine on an attorney for submitting a brief with citations generated by artificial intelligence, ordering the attorney to attend continuing legal education courses, and requiring the attorney to serve a copy of the court's sanction order on their client); *Mata*, 678 F. Supp. 3d at 499, 466 (imposing a $5,000 fine on attorneys who submitted a brief with citations to fake cases and "doubled down" when confronted); *Avendano v. Sec. Consultants Grp*., No. 3:13-cv-00168-HDM, 2014 WL 6773027, at *12 (D. Nev. Dec. 2, 2014) (sanctioning attorney for knowingly making misrepresentations to the court and referring sanctions order to disciplinary counsel of the attorney's state bar)).

Here, the Court recognizes that both counsel, even though they did not use AI, acknowledge their errors in not having conducted an inquiry to ensure the motion and reply were supported by existing law. They have accepted responsibility, demonstrated candor, and did not persist in defending the inaccuracies once identified. *Compare Mata*, 678 F. Supp. 3d at 449 (attorney did not admit using AI generated fake opinions until nearly three months later and misled the court in the meantime) *with Wadsworth,* 348 F.R.D. at 497 (attorneys were forthcoming, honest and apologetic). Under these circumstances, the Court concludes that a modest monetary sanction is sufficient to serve Rule 11's deterrent purpose and to protect the integrity of the judicial process and imposes a sanction of $1,000 each against Glendon and Ponce.[2]

---

[2] Because the Court imposes sanctions under Rule 11, the Court need not address sanctions under the Court's inherent powers.

## Conclusion

Based on the reasoning above, the Court finds that Attorneys Crystal Gail K. Glendon and Kelly K. Lee Ponce, Defendant Sheri Jean Tanaka's counsel, violated Rule 11(b)(2) by submitting fake cases without verifying their existence and submitting cases without verifying their legal proposition. The Court imposes a $1,000 monetary sanction against Attorneys Crystal Gail K. Glendon, personally, and a $1,000 monetary sanction against Kelly K. Lee Ponce, personally, to be made payable to the "United States District Court" with the United States District Court for the District of Hawaii within seven (7) days of the date of this Order.[3]

**IT IS SO ORDERED.**

Dated: February 24, 2026

Hon. Gonzalo P. Curiel
United States District Judge

[3] Courts routinely also require a compliance certification for counsel or continuing legal education on the ethical use of AI. *See N.Z. v. Fenix Int'l Ltd.*, Case No.: 8:24-cv-01655-FWS-SSC, 2025 WL 3626155, at *5 (Dec. 12, 2025) (requiring corrective and preventive members and requiring certification with all subsequent briefing); *Oneto*, 2025 WL 2901666, at *4. The Court finds them unnecessary as both Glendon and Ponce have filed a motion to withdraw as Tanaka's counsel and Tanaka is aware of the Court's order having already filed a notice of appearance.